

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. E. G. Mosely
Civil District Attorney
Dalles, Texas

Dear Sir:

Opinion No. O-2292
Re: Legality of contract by indepen-
dent school district for installa-
tion of tax or plat system relat-
ing to delinquent taxes.

In your letter of April 26, 1940, you enclose form
of a contract between an independent school district and an
individual and request our opinion as to its legality. This
agreement contains the following provisions concerning the
services to be performed by the individual, to-wit:

" * * * to perform for said district any
and all professional, clerical or other ser-
vices necessary to compile, make and install
a tax system for said school district includ-
ing the following:

"(1) To compile a delinquent tax roll in
sheet form showing the names of all persons
owing any delinquent taxes to said district,
the address of such persons, the descriptions
of the property on which said taxes are due,
each and every year for which any of said taxes
are due, the amount due for each year, the pen-
alty and interest for each of said years, the
total of taxes, penalty and interest for each
of said years and the grand total of all taxes,
penalty and interest on the delinquent property
involved, all of said sheets to be numerically
numbered with an alphabetical properly divided
index to each of said names and the numbers on
which the same are shown, all of which sheets
and said index shall be bound in a well con-
structed loose leaf post binder, a blank specimen

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. G. Mosely, Page 2

of said sheets being marked Exhibit 'A' attached hereto and made a part hereof.

"(2) To compile a fact sheet reflecting an analysis of each and every tract of real property located in said district on which there may be due any delinquent taxes, showing the page number of the tax roll on which the same appears, the principle owner, the address of said owner, the business in which he is engaged, and any other information of value in clearing the tax records of said district of errors, conflicts and unknown owners. A blank specimen of said sheets being marked Exhibit 'B' attached hereto and made a part hereof."

The agreement then provides for the following consideration to be paid for such services:

"2% of all delinquent taxes paid to said district for the year 1938 and all prior years between the date hereof and the 1st day of March, 1942, inclusive.

"2% of all delinquent taxes paid to said district for the year 1939 between the dates of March 1st, 1940, and March 1st, 1942, inclusive.

"2% of all delinquent taxes paid to said district for the year 1940 between the dates of March 1st, 1941, and March 1st, 1942, inclusive.

"Said compensation is to be paid as and when said taxes, penalty and interest are collected without further action of the board."

Article 1060a, Vernon's Civil Statutes, reads as follows:

"Art. 1060a. Application to school district and municipal corporations of all provisions of Title 122 pertaining to assessment and collection.

"That all of the provisions of Title 122, of the Revised Civil Statutes of Texas, of 1925, be, and the same are made available in so far as same may be applicable and necessary to all school

Hon. E. G. Mosely, Page 3

districts and municipal corporations organized under any general or special law of this State and which have power and authority to levy and collect their own taxes, and that each of such corporations shall have the benefit of all liens and remedies for the security and collection of taxes due them as is provided in said Title in the case of taxes due the State and County. (Acts 1935, 44th Leg., p. 666, ch. 261, § 1.)"

The last paragraph of Article 7343, Revised Civil Statutes, reads:

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable. Id.; Acts 3rd C. S. 1920, p. 48; Acts 2nd C. S. 1923, p. 39."

In Bell vs. Mansfield Independent School District, 129 S. W. (2d) 629, the Supreme Court held that "all laws of this state for the purpose of collecting delinquent state and county taxes shall be applied to the collection of delinquent taxes of independent school districts in so far as such laws are applicable." Articles 7335 and 7335a were held applicable in that case except as to the requirement of approval by the Comptroller and the Attorney General.

Sections 1 and 2 of Article 7264a, Vernon's Civil Statutes, reads as follows:

"Art. 7264a. Adjustment of delinquent taxes and collection thereof.

"Sec. 1. It is hereby declared the Policy of the State to adjust delinquent taxes, correct errors, to eliminate conflicts in surveys of land, and to collect the delinquent, occupation, franchise and Ad Valorem Taxes, in order to clear this State of such taxes, errors and conflicts at the earliest date possible, and to provide a system for assessors, in order to eliminate the numerous errors that now appear on the tax rolls each recurring year.

"Sec. 2. Cost of collecting delinquent taxes shall not exceed the amount of the penalty and

Hon. E. G. Mosely, Page 4

interest, or an amount equal to such penalty and interest of all delinquent taxes collected. Any county desiring to install a tax or plat system and clear the county of errors, conflicts and unknown owners, may do so by paying not to exceed 15% of the delinquent taxes collected, which payment shall cover the cost of records and installing same."

We think the Commissioners' Court of a county, under authority of such statutes, could make such a contract as this. Cherokee County vs. Odom, 15 S. W. (2d) 538; Commissioners' Court vs. Wallace, 15 S. W. (2d) 535; State vs. Epperson, 42 S. W. (2d) 228; Cornell vs. Swisher Co., 78 S. W. (2d) 1072; Nacogdoches Co. vs. Lafferty, 61 S. W. (2d) 994. Since such statutes are applicable to independent school districts, under authority of the Bell-Mansfield Independent School District case, independent school districts can legally enter into such contracts as the one submitted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL/oe

APPROVED MAY 3, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN